**SCHOOL COMMITTEE OF the TOWN OF ROCKLAND, Petitioner,**

v.

**MASSACHUSETTS DEPARTMENT OF EDUCATION, Respondent.**

No. 84–1036.

United States Court of Appeals, First Circuit.

Argued June 4, 1984.

Decided Jan. 24, 1985.

Diana S. Gondek, Boston, Mass., for petitioner.

H. Reed Witherby, Asst. Atty. Gen., Boston, Mass., with whom Francis X. Bellotti, Atty. Gen., Government Bureau, Boston, Mass., was on brief, for respondent.

Before COFFIN and BREYER, Circuit Judges, and DOYLE,* Senior District Judge.

* Of the Western District of Wisconsin, sitting by designation.

JAMES E. DOYLE, Senior District Judge.

The School Committee of Rockland ("Committee") seeks review of the denial by the Massachusetts Department of Education of the Committee's application for a grant under Title II of the Education Amendments of 1976, Pub.L. 94–482, 20 U.S.C. §§ 2301 et seq. ("Act"). Jurisdiction is present under 20 U.S.C. § 2309(e)(1).

The Act establishes a system of federal grant support for state and local vocational education programs, including post-secondary school programs. In order to receive grant money, a state must submit a three-year and five-year vocational education plan to the United States Department of Education detailing, among other things, what purposes the money is to serve and how it is to be allocated. If the state plan is approved by the United States Department of Education, the state receives federal funds. Local entities must apply to the Massachusetts Department of Education for specific grants from the federal funds.

The Massachusetts Department of Education submitted a statewide plan, including provision for post-secondary school programs, which was approved by the United States Department of Education. It provides that an otherwise eligible recipient of funds will be ineligible if it has failed to reimburse other institutions for out-of-district tuition fees for students enrolled in approved vocational education programs; a more general provision renders ineligible any otherwise eligible recipient that violates pertinent Massachusetts laws or regulations. Mass. Five and Three Year State Plan for Vocational Education (Plan), pp. 81–82 (July 1982).

The Rockland Committee applied to the Massachusetts Department of Education for a grant in order to establish three vocational education programs in Rockland, none of them a post-secondary school program. The Massachusetts Department of Education denied the application. At the Committee's request, a Massachusetts Department of Education hearing officer then conducted a hearing on the application and

affirmed the denial of the grant.[1] The sole basis for the denial was the refusal of the Town of Rockland or the Committee to comply with a state law requiring that when a town's residents receive vocational training in another town, with the approval of the Department, the first town must reimburse the second for the costs of the education. Mass.Gen.Laws ch. 74, §§ 7, 8. It is stipulated that the Town of Norwood had never been reimbursed for expenses it incurred in providing post-secondary vocational training to four students who resided in the Rockland district.

The Committee advances two principal arguments to support its claim that the denial of its application by the Massachusetts Department of Education was erroneous. First, the Committee contends that the federal Act is violated by the provisions in the Massachusetts Plan conditioning eligibility for federal funds on compliance with inter-localities reimbursement requirements imposed by state law. Second, the Committee argues that it did not violate Massachusetts' reimbursement law, or, if it did, the Massachusetts Department of Education is estopped from denying it funds on that ground. We are persuaded by neither contention.

1. A provision in the Massachusetts plan gives the hearing officer authority to rescind or approve the action of the Massachusetts Department of Education. Mass. Five and Three Year State Plan for Vocational Education, § 2.8, p. 35. In the present case, the hearing officer "conclude[d] that the Division's action in disapproving Petitioner's application was appropriate and consistent with the State Plan." He recommended that the Division consider placing funds in escrow to permit Rockland to take certain steps to clear the way for approval of its application. Appendix to appellant's brief, 15–16. Both petitioner and respondent here have treated this action by the hearing examiner as "final action" of the Massachusetts Department of Education, which is a condition to this court's power of review. 20 U.S.C. § 2309(e)(1). We treat it so.

2. The Committee contends that the plan does not provide expressly that it applies to post-secondary as well as secondary, vocational training; thus, it is argued, approval by the United States Department of Education may not be construed as an affirmation that the federal Act permits eligibility to be conditioned upon compliance with interlocalities reimbursement re-

### I.

There are two bases advanced by the Committee in support of its contention that the federal Act is violated when eligibility for federal funds is conditioned on compliance with inter-localities reimbursement requirements imposed by state law: (a) such a condition is unrelated to the purposes of the Act; (b) by specifying that a single kind of misconduct will result in ineligibility, Congress has precluded implicitly administrative specification of other kinds of misconduct.

### A.

■ The United States Department of Education approval of the statewide plan proposed by the Massachusetts Department of Education represents a construction of a federal statute by the federal agency to which Congress has delegated authority to administer the statute.[2] The Act provides that "[t]he Commissioner shall not approve a five-year State plan ... until he has made specific findings, in writing, as to the compliance of such plan with the provisions of this Act." 20 U.S.C. § 2309(a)(1). This administrative construc-

quirements imposed by state law as they bear on post-secondary vocational training. But the plan neither expressly nor impliedly excludes from the eligibility provision compliance with state requirements of reimbursement for post-secondary training. The purpose section of the federal Act makes clear that it applies to post-secondary training; access to training and re-training for persons who have completed high school is stressed. 20 U.S.C. § 2301. No distinction between secondary and post-secondary training is made within the Act itself. See 20 U.S.C. §§ 2307(a)(1)(B); 2461(1), (12). The more reasonable inference is that the United States Department of Education assumes a plan to include both secondary and post-secondary training, unless a distinction is expressed in the plan itself.

The Committee emphasizes, further, that post-secondary vocational education is not a part of the specific Rockland programs described in its rejected application. This is irrelevant to the purposes of the federal Act and of the Massachusetts statewide plan, and to any issue we perceive in this case.

tion is entitled to a considerable degree of judicial deference. *Griggs v. Duke Power Company*, 401 U.S. 424, 434, 91 S.Ct. 849, 855, 28 L.Ed.2d 158 (1971).

■ The Act's stated purpose is to "assist States in improving planning in the use of all resources available to them for vocational education," in extending, improving, and maintaining existing programs of vocational education, in carrying out vocational education programs that will help overcome sex discrimination and sex stereotyping, and in providing ready access to vocational training for those in need of such education. 20 U.S.C. § 2301. Its legislative history evinces the drafters' intention that the plan give "careful consideration to the most effective means of utilizing all existing institutions capable of carrying out vocational programs." S.Rep. No. 882, 94th Cong., 2d Sess., *reprinted in* 1976 U.S.Code Cong. & Ad.News 4713, 4779. The Act affords the states broad latitude in creating their long-range plans; it is noticeably general about what they must contain. It does require that the plans describe "the allocations of responsibility for the offering of those courses and training opportunities among the various levels of education and among the various institutions of the State ... and the allocations of all local, State, and Federal financial resources available in the State ...." § 2307(b)(2)(iii), (iv).

■ The Massachusetts inter-localities reimbursement scheme is part of the state's allocation of responsibility for vocational education. Broad access by Massachusetts residents to vocational training facilities situated throughout the state furthers the purposes of the federal Act. Failure of districts to reimburse one another will make districts with ample vocational facilities less likely to admit students from other districts less likely to admit students from other districts less well equipped. One result could be significant disparity in opportunity for vocational education as between residents of one district and those of another. Enforcing the reimbursement requirement furthers one of the central goals of the Act, namely, efficient and equitable use of states' vocational educational resources.

■ Because reasonableness plainly marks the administrative construction of the Act reflected in the United States Department's approval of the Massachusetts plan, including the plan's incorporation of the state law requirement of inter-localities reimbursement, judicial deference to that construction is especially appropriate. *Morton v. Ruiz*, 415 U.S. 199, 236–237, 94 S.Ct. 1055, 1074–1075, 39 L.Ed.2d 270 (1974). We defer.

### B.

■ The Committee notes the "only requirements in 20 U.S.C. § 2307 which deal with violations of law are requirements prohibiting sex discrimination," and, citing *State Highway Commission of Missouri v. Volpe*, 479 F.2d 1099, 1114 (8th Cir.1973), suggests that Congress implicitly prohibited a state plan from conditioning eligibility for the federal funds on compliance with any other law. However, in 20 U.S.C. § 2301, Congress declares a purpose to authorize federal grants to states to assist them in four ways: (1) to extend, improve and maintain existing programs of vocational education; (2) to develop new programs; (3) to carry out such programs so as to overcome sex discrimination and sex stereotyping in vocational education programs; and (4) to provide part-time employment for youths who need the earnings to continue their vocational training on a full-time basis. Section 2307(b)(4), to which the Committee points, requires the state to serve purpose (3) by setting forth in its plan policies and procedures which the state will follow so as to assure equal access to vocational education programs by both men and women. Although it may well be that federal funds would be withheld, subsequently, from a state which had failed to execute the anti-sex-discrimination policies and procedures embodied in its plan, § 2307(b)(4) cannot fairly be read as a single-item exhaustive list of the kinds of conduct upon which states may choose to condition eligibility of local school districts

for federal funds. The requirement of inter-localities reimbursement furthers the first and second of the four enumerated Congressional purposes summarized above, as distinct from the third such purpose (anti-sex-discrimination), and is not foreclosed by the statement of that third purpose. In this respect, the federal Act does not resemble a statute embodying a list of specific factors, giving rise to inference that omission of some other factor was intended. *See Volpe*, 479 F.2d 1099, 1112 n. 16.

■ We hold that the federal Act does not prevent incorporation of Massachusetts' requirement of inter-localities reimbursement into its state plan as a condition to eligibility of an applicant local school district for federal funds.

## II.

The Committee contends further, first, there was no basis for the determination by the Massachusetts Department of Education that the Committee had violated the state law on inter-localities reimbursement; and, second, if there was a violation, the Massachusetts Department was estopped from asserting it.

## A.

Absence of violation is asserted on two grounds: (1) Massachusetts' inter-localities reimbursement statute does not apply to post-secondary vocational education; and (2) if it does apply, the violator was the Town of Rockland, not the appellant Rockland school district.

■ (1) The only ground for the first assertion is that the statute (Mass.Gen. Laws, ch. 74, §§ 7, 8) does not expressly declare its application to post-secondary vocational education. However, somewhat obscurely in 1960 but clearly in 1967, the Attorney General of Massachusetts had construed the statute to apply to post-secondary programs. We do not essay a definitive ruling on this question of construction of a state statute. It is enough to hold, as we do, that appellant has failed to demonstrate that the Massachusetts Department of Education has construed the statute arbitrarily or unreasonably.

■ (2) The Committee argues that the Town of Rockland and the School Committee of the Town of Rockland are discrete political entities, and only the Town is obliged to make reimbursement. It is correct that it is towns, not school districts, upon which the statute imposes reimbursement liability, in contract, to other towns. The Committee relies on the testimony of Rockland Superintendent of Schools John Rogers at the hearing before the hearing officer. Rogers testified that traditionally the Town of Rockland had reimbursed other localities directly for all out-of-district secondary and post-secondary education. The Committee would send an estimate of the cost to the Town finance committee, which would then put it to a vote at the town meeting as a budget item. In 1977, apparently for the first time, the Town refused to budget for any out-of-district vocational education. Beginning the next year, the Committee included costs of reimbursement for secondary education in its separate budget but costs of reimbursement for post-secondary education remained for the Town to budget. Funds were continually denied at town meetings.

We are aware that when an application by the Rockland School District for federal funds for particular vocational education programs is denied, the consequent adversity befalls certain young men and women within that district who might otherwise enjoy the benefits of those Rockland programs. It does not befall a political entity, or the members of the governing board of a political entity, whether town or school district. There seems no injustice to these young men and women of Rockland, however, when this adversity is occasioned by the broader considerations of financial fairness as among residents of various geographical divisions within Massachusetts, reflected in the reimbursement requirement. Despite appellant's urging to the contrary, the adversity to these young men and women, otherwise just, is not rendered

unjust because the sin of omission to reimburse is committed by the town meeting of Rockland rather than by the governing body of the Rockland school district.

Nevertheless, the question of the appellant district's degree of responsibility for the absence of reimbursement to the Town of Norwood figured prominently in the administrative proceeding under review and was adverted to by the hearing officer. For this reason, we note the evidence of record that it was Rogers, in his capacity as superintendent of schools for the Rockland School District, who negotiated the arrangement with the Town, under which reimbursement for secondary vocational education was separated from reimbursement for post-secondary vocational education, money for reimbursement for secondary education was included in the Town's appropriation to the school district, and reimbursement to other towns for secondary vocational education was then made from these school district funds. It was deliberately arranged that no funds for post-secondary education would be provided the school district. This arrangement was arrived at in the context in which Rogers "made [his] opinion known that [he] did not believe that the law interpreted by the [Massachusetts] Department of Education [that reimbursement for post-secondary vocational education was required], was an interpretation I agreed with."

It was not unreasonable for the hearing officer to determine that Massachusetts law was violated by the failure to reimburse the Town of Norwood and that the appellant district shared responsibility for the failure.

### B.

█ Finally, appellant contends that under state law, at the time the Massachusetts Department of Education approved the applications of the four Rockland students for post-secondary vocational training to be provided by the Town of Norwood, it was a specified responsibility of the Department to consider the financial status of Rockland, and that the Depart-

ment failed to do so. Had the Department done so, appellant contends, it would have been obliged to recognize that Rockland's financial straits were too desperate to require it to reimburse the Town of Norwood. By reason of this failure on its part, the Department is estopped from requiring the reimbursement as a condition to eligibility for the federal funds.

The hearing officer noted this contention briefly; noted the contention of the Massachusetts Department of Education that it does make an investigation of non-resident student applications and that in one instance it had disapproved an application of a Rockland student; and refrained from finding whether, in the four specific cases at issue, the Department had investigated the financial status of Rockland. The processing of the four specific cases was not addressed by appellant in the course of the hearing before the hearing officer, and, in terms of more general practice, the record is ambiguous. It is unlikely the statute means that in the course of evaluating the application of each individual student, the Department must examine meticulously the current financial condition of the town in which the applicant resides. It is much more likely the statute means the Department must bear in mind, generally, whether a particular town is affluent or not. There was evidence of record that the Department did bear in mind such information. In any event, it was not clearly erroneous for the hearing officer to determine, implicitly, that appellant had failed to meet its burden of proof in this respect.

### III.

It is ordered that the order of the respondent appealed from is affirmed.